# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

G & M FASHIONS, LLC,

    Plaintiff,

  v.

NATIONWIDE INSURANCE COMPANY,

    Defendant.

Case No. 16-12309
Hon. Terrence G. Berg

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND TO ASSERT COUNTERCLAIM (DKT. 17)

### I. Introduction

Plaintiff G & M Fashions is suing Defendant Nationwide Insurance Company for not paying the entirety of Plaintiff's insurance claim for fire loss to its inventory and structures. Defendant initially paid part of Plaintiff's claim, but refused to pay more, so Plaintiff brought this lawsuit for breach of the insurance contract. After engaging in discovery, Defendant believes that the initial partial payment should not have been made and now seeks to amend its answer to add a counterclaim to recover that payment. For the reasons outlined below, Defendant's motion for leave to amend in order to assert its counterclaim is **GRANTED.**

## II. Standard of Review

A party who can no longer amend its pleadings as a matter of course "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Granting a motion for leave to amend pleadings is a matter within the discretion of the District Court. *See Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). Though a discretionary matter, the leave sought should be "freely given" unless the amendment sought would result in undue prejudice to the opposing party – such as the amendment being sought with undue delay, bad faith, or futility. *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014); citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Sixth Circuit has emphasized that "case law in this Circuit manifests liberality in allowing amendments." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015); citing *Janikowski v. Bendex Corp.*, 823 F.2d 945, 951 (6th Cir. 1987). This policy reflects the desire to try cases on their merits, not on the technicalities of the pleadings. *Janikowski*, 823 F.2d at 951.

## III. Analysis

Motions for leave to amend should be granted unless the Court finds undue delay, significant prejudice, bad faith, or futility. *See*

*Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434 (6th Cir. 2014); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff opposes Defendant's motion for leave to amend for all four reasons. The Court will address each of Plaintiff's responses in turn.

### a. Undue Delay

Defendant argues that there has not been undue delay because Defendant recently confirmed misrepresentations in Plaintiff's insurance claim. Dkt. 17. Pg. ID 679. Defendant stated in its Joint Discovery Plan that "Nationwide will seek to amend its pleadings after discovery to seek to recoup its payments mistakenly made." Dkt. 17-2, Pg. IDs 484-85. Furthermore, Defendant repeated that it will seek to file amended pleadings if it discovers that it mistakenly paid a claim in the answer to the complaint and the affirmative defenses. Dkt. 17-3, Pg. ID 698.

Plaintiff responds that Defendant should have filed a counterclaim at the beginning of the lawsuit if Defendant had always intended to do so. Dkt. 19, Pg. ID 726. Plaintiff cites a recent Sixth Circuit case to support the premise that Defendant should have an increased burden to justify why it did not move earlier. Dkt. 19, Pg. ID 726; *see also Newburg/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 Fed. App'x 85 (6th Cir. 2012). Plaintiff also argues that Defendant has made no explanation as to why it could not have obtained the information earlier that led to Defendant filing this

3

motion. Dkt. 19, Pg. ID 727. Finally, Plaintiff argues that Defendant has been in possession of the information that led to this motion for some time, making the delay undue. Dkt. 19, Pg. IDs 727-28.

Defendant replies that it warned Plaintiff from the start of the case that this counterclaim may be filed. Dkt. 21, Pg. ID 881. Further, Defendant points to recent events in the discovery process, such as the deposition of the contractor who did an independent inventory on March 9, 2017, that led to Defendant filing this motion. Dkt. 21, Pg. ID 882. Finally, Defendant points to disputes the parties had in discovery which affected Defendant's ability to file the motion at an earlier time. Dkt. 21, Pg. IDs 882-83.

Plaintiff's reliance on *Newburgh* is misplaced. In that case, the moving party attempted to file its motion to amend over a month after the close of discovery and passage of the dispositive motion cutoff date. *Newburgh,* 483 F. App'x at 93. Discovery does not end for this case until September 29, 2017 and the dispositive motion cutoff date is not until October 27, 2017. Dkt. 23, Pg. ID 953.

There is no evidence that Defendant unduly delayed in bringing this motion. This case is still in its early stages. Defendant filed this motion over five months before the extended discovery cutoff date and well before the expiration of the time to file dispositive motions. Dkt. 17, Pg. ID 669. Because this case is still in the midst of discovery and Defendant is acting upon relevant information it obtained

during discovery, Defendant's motion for leave to amend does not constitute undue delay.

### b. Significant Prejudice

Defendant argues that this motion does not cause any prejudice to Plaintiff because Plaintiff was placed on notice from the outset of this case that Defendant was planning a potential counterclaim based upon Plaintiff's potential misrepresentations. Dkt. 17, Pg. ID 680.

Plaintiff responds that it will experience substantial prejudice because it has already completed extensive discovery. Dkt. 19, Pg. ID 728. Further, Plaintiff argues that granting this motion would result in Plaintiff having to re-depose certain witnesses. Dkt. 19, Pg. ID 730. Specifically, Plaintiff cites case law that states that allowing amendments after the close of discovery creates significant prejudice. Dkt. 19, Pg. ID 728; see also *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Defendant replies that there are no new issues that have been addressed in the counterclaim and Plaintiff has been on notice since the beginning of this case that Defendant would pursue such a claim if evidence obtained during the discovery process supported it. Dkt. 21, Pg. ID 884.

Plaintiff again relies on a case which is inapposite because it concerned a motion for leave to amend that was filed after discovery

5

had already ended. *Duggins,* 195 F.3d at 834. As noted above, there are several months remaining for discovery in this case. Further, Plaintiff was aware that Defendant may bring this counterclaim when depositions were originally taken. The Court therefore finds that Plaintiff will not suffer significant prejudice from Defendant being allowed to amend at this juncture.

### c. Bad Faith

Defendant argues that the motion is not in bad faith because Defendant had warned Plaintiff of the possibility of a counterclaim since the onset of this case. Dkt. 17, Pg. ID 679.

Plaintiff responds that Defendant was aware of the facts supporting this motion from the onset of this case and is merely engaging in "tactical maneuvers." Dkt. 19, Pg. ID 731.

Defendant denies engaging in "tactical maneuvers," pointing out that it kept Plaintiff on notice of its possible counterclaim since the beginning of this case. Dkt. 21, Pg. ID 885.

Plaintiff argues that "awareness of facts and failure to include them in the complaint might give rise to the inference [of] tactical maneuvers." Dkt. 19, Pg. ID 731; *Indus. Assets,* 116 F.3d at 1480. But the record shows that Defendant did not have all of the evidence at the onset of the case that would have supported the counterclaim. Dkt. 21, Pg. ID 885; Dkt. 17-4, Pg. ID 710. The Court

6

therefore finds that Defendant is not acting in bad faith by bringing this motion.

### d. Futility

Defendant argues that the counterclaim is not futile because Michigan law supports parties recovering payments when the payments were made by mistake and allows for voiding an insurance policy for material misrepresentations. Dkt. 17, Pg. ID 680. Defendant claims that the payments were mistakenly made before Defendant was able to uncover enough evidence to support voiding the insurance policy. Dkt. 17, Pg. ID 680.

Plaintiff responds that Defendant fails to provide any specific examples of Plaintiff's misrepresentations in the motion or proposed counterclaim. Dkt. 19, Pg. ID 733. Plaintiff also argues that Defendant could not be successful in their counterclaim because Defendant's payment was "voluntary" and Defendant's payment letter suggests that Defendant was not relying on Plaintiff's claims. Dkt. 219, Pg. IDs 733-34. Finally, Plaintiff claims that Defendant has a higher burden because of their claim of fraudulent conduct. Dkt. 19, Pg. IDs 732-33.

Defendant replies that the counterclaim is not asserting fraud, but rather that Plaintiff made material misrepresentations concerning its annual sales, as well as Plaintiff's other business and work history. Dkt. 21, Pg. ID 886.

7

A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

A rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to which relief is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). When assessing whether a claim is plausible, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Under Michigan law, a payment made under mistake of fact may be recovered when the payment was not legally due. *See Wilson v. Newman*, 617 N.W.2d 318 (Mich. 2000). Defendant has alleged that Plaintiff made material misrepresentations in the policy application that led to Defendant mistakenly giving Plaintiff a partial payment. Dkt. 17-4, Pg. ID 709. Specifically, Defendant claims that Plaintiff made false statements regarding business history, income, purchase of inventory, and cause and origin of the loss. Dkt. 17-4, Pg. ID 710.

Accepting all of Defendant's allegations as true, Defendant has stated a plausible claim for recovery. The Court therefore finds that Defendant's counterclaim is not futile.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for leave to amend to assert counterclaim is **GRANTED**.  Defendant shall file its counterclaim (Dkt. 17, Ex. 4) within seven days of the date of this order.

**SO ORDERED.**

Dated:  July 21, 2017         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 21, 2017.

                              s/A. Chubb
                              Case Manager

9